IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**DOUGLAS TODD VERDIER**,                              Civil Case No. 11-384-KI

               Plaintiff,

                                       OPINION AND ORDER

   vs.

**CHRIS DESMARAIS (JOHN DOES
1-10)**,

               Defendants.


      Douglas Todd Verdier
      422 Sharleen Road
      Washougal, Washington  98671

         Pro Se Plaintiff


Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Douglas Todd Verdier brings a complaint against defendant Chris DesMarais arising out of the defendant's alleged alteration of a trust set up to distribute real property and other assets belonging to Cleo Lambert (also known as Cleo Christensen or Cleo Pearson). Lambert executed the original trust in Utah in 1995. Lambert moved in with defendant and subsequently amended the trust; plaintiff does not allege the location where these events occurred. Plaintiff lives in Washington and defendant lives in Arizona. Plaintiff explicitly alleges the events of which he complains took place "in Utah, Arizona, California and Washington." Compl. 2. He alleges jurisdiction based on diversity of the parties pursuant to 28 U.S.C. § 1332.

A court may *sua sponte* consider whether a case lacks venue when no responsive pleading has yet been filed. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). The district court of a district "in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges the original trust was formed in Utah, that defendant lives in Arizona, and that all events occurred in either Utah, Arizona, California or Washington. No allegation

bears any relation to the District of Oregon.  Consequently, I find venue is  not proper in the District of Oregon.

I dismiss the complaint without prejudice and deny as moot his Motion to Proceed In Forma Pauperis.  I do not transfer the case as I do not find it to be in the interest of justice. Plaintiff may choose to proceed in Utah or Arizona, or any other state in which he believes the strictures of 28 U.S.C. § 1391(a) are met.

IT IS SO ORDERED.

Dated this _____8th_____ day of April, 2011.


    __/s/ Garr M. King_____
    Garr M. King
    United States District Judge

Page 3 - OPINION AND ORDER